Chester County Empls. Retirement Fund v Alnylam Pharms., Inc. (2021 NY Slip Op 02595)





Chester County Empls. Retirement Fund v Alnylam Pharms., Inc.


2021 NY Slip Op 02595


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 655272/19 Appeal No. 13702 Case No. 2020-04534 

[*1]Chester County Employees Retirement Fund, etc., Plaintiff-Respondent,
v
Alnylam Pharmaceuticals, Inc., et al., Defendants-Appellants.


Skadden, Arps, Slate, Meagher & Flom LLP, New York (Alaxander C. Drylewski and Michael S. Hines of the Bar of the State of Massachusetts, admitted pro hac vice, of counsel), for Alnylam Pharmaceuticals, Inc., John M. Maraganore, Michael P. Mason, Dennis A. Ausiello, Michael W. Bonney, John K. Clarke, Marsha H. Fanucci, Steven M. Paul, David E.I. Pyott, Paul R. Schimmel, Amy W. Schulman, Phillip A. Sharp and Kevin P. Starr, appellants.
Shearman & Sterling LLP, New York (Daniel Lewis of counsel), for Goldman Sachs & CO. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Piper Jaffray & Co., JMP Securities LLC, Needham & Company, LLC, Chardan Capital Markets, LLC and B. Riley FBR, Inc., appellants.
Robbins Geller Rudman & Dowd LLP, Melville (Douglas Wilens of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 2, 2020, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the Section 12 claims against the individual defendants, and otherwise affirmed, without costs.
Defendants have failed to utterly refute plaintiff's factual allegations and conclusively establish a defense to the asserted claims as a matter of law (CPLR 3211[a][1]; CPLR 3211[a][7]). Plaintiff has sufficiently alleged causes of action based on Federal Securities Law sections 11, 12(a)(2), and 15 (see also Litwin v Blackstone Group., L.P. , 634 F3d 706, 716 [2d Cir 2011], cert denied 565 US 878 [2011]). Notably, at this stage of litigation, there is no basis to find, as a matter of law, that plaintiff has failed to assert valid claims by alleging that in the circumstances here, the registration statements, prospectus or oral communication included either untrue statements of fact concerning the APOLLO Study or statements of opinion about that study that were misleading to a reasonable investor by omission of material facts concerning the lack of cardiac efficacy data, as later confirmed by the FDA. Therefore, defendants fail to establish that plaintiff's claims of false or misleading statements or material omissions used by defendant Alnylam Pharmaceuticals, Inc. in a public offering are premised on nonactionable statements of opinion.
However, the Section 12(a)(2) claim should be dismissed as against the individual defendants, because the complaint alleges only that they reviewed and signed the registration statements, which is insufficient to establish that they are statutory sellers (Emerson v Mutual Fund Series Trust , 393 F Supp 3d 220, 259-260 [ED NY 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021